# SAMUEL R. ARBUCKLE

*v.*

# THE ILLINOIS MIDLAND RAILWAY CO. *et al.*

1. LIEN—*on railroad property for labor and material furnished.* Under the act of 1861 relating to liens on railroads, no one is entitled to a lien unless his contract was directly with the railroad company, and he commences proceedings to enforce it within three month after an action accrues to him.

2. SAME—*under act of April* 3, 1872. The act of April 3, 1872, (Session Laws, 279), which gives sub-contractors a lien upon railroads for labor and materials furnished, relates only to labor and materials furnished after its passage, and gives no right to a lien for labor and materials furnished before its passage.

3. REMEDY—*against consolidated railroad company—whether at law or in equity.* Where a consolidated company becomes, by virtue of the consolidation, liable for the debts of the companies composing it, the creditor's remedy is complete and adequate at law, and a court of equity will not assume jurisdiction to enforce it.

APPEAL from the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. TROGDON & CAPPS, for the appellant.

Messrs. BISHOP & McKINLAY, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant filed his bill to enforce a lien on road and property of the Illinois Midland Railway Company, and made that corporation, Charles C. McKinley, and Robert G. Hervey, defendants.

The bill alleges, that in May, 1870, complainant commenced to furnish materials and perform labor in constructing bridges and cattle guards on the Paris and Decatur railroad, in Edgar county, which materials were worth $2943.64, at the contract price; that the contract for such material was made with Charles C. McKinley, and that the engineer of that road was to estimate the work when completed, and complainant was to

be paid, on the 15th of each month, on approximate estimates; that complainant completed the bridges and cattle guards pursuant to the contract, on the 10th day of November, 1870; that he received on the contract, from McKinley, $1700 before it was completed, but has received no other or further payments on the same; and by the estimates there was still due him $1243.64; that the balance was to be paid in ten days after the work was completed, but it had never been paid.

The bill alleges that the railroad had full knowledge of the construction of the work, and accepted the same and used it, knowing the work was not paid for by McKinley or otherwise; that complainant caused notice of the contract with McKinley to be served on the Paris and Decatur Railway Company, in writing, showing the amount to which the work came, with credits, and the amount due and unpaid, and that he claimed a lien on the road.

The bill further alleges, that the Paris and Decatur Railway Company has been consolidated with other railroad companies, and these consolidated companies are known by the name of the "Illinois Midland Railway Company;" and that this consolidated company had notice of complainant's claim upon the Paris and Decatur Railway Company for such labor and materials, and accepted and used the bridges and cattle guards so constructed; that Robert G. Hervey, then president of the consolidated company, and the general manager, builder and superintendent of the Paris and Decatur Railroad Company, promised to pay this claim to complainant so soon as the company should make a settlement with McKinley, but after long delay no settlement has been made by them, and that they are in litigation over their claims without any prospect of a speedy termination.

To this bill defendants filed a demurrer, which was sustained by the court, and the bill was dismissed at complainant's costs, and he appeals. He assigns for error the sustaining of the demurrer, the refusal of the court to grant the relief sought, and the dismissal of the bill.

We are referred to the act of February 22, 1861, (Public

Laws, 142,) as giving a lien on all the property, real, personal and mixed, of railroad companies, for materials, supplies, or other article or thing necessary for the construction, maintenance or operation, furnished by contract with the company. It provides that the lien shall last for three months after an action accrues.     Appellant can not claim relief under this act, for at least two reasons: First, he did not contract with the road.     He contracted with McKinley, and the statute gives the lien only to the person who contracts with the company. Second, this work was completed on the 10th of November, 1870, and the balance due under the contract was to be paid ten days thereafter.     Hence the right of action accrued on the 20th day of November, 1870.     But this suit was not brought until the 6th of July, 1875.     The lien was, therefore, lost, if it ever existed, on the 20th of February, 1871, three months after the right of action accrued.

It is also urged that the act of April 3, 1872, (Sess. Laws, p. 279), which went into effect on the 1st of July of that year, is broad enough in its terms to embrace this claim.     The first section gives the contractor with the company a lien for materials, etc., furnished, as did the act of 1861, and for labor performed, but it limits the lien to six months after completing the contract.     The second section gives the sub-contractor a like lien with limitations.     The third section provides for his giving notice to perfect the lien, and the eighth section limits the lien to three months; but both of these sections, in terms, relate to materials furnished and labor performed after the adoption of the act; and its very terms exclude all materials furnished and labor performed before that time.     So there can be no pretense that appellant's case falls within its provisions, as the work was performed and materials furnished almost two years before this law went into effect.     But if it could possibly be held to embrace past transactions, much more than three months had elapsed, in fact, almost three years.

We are, again, referred to the 52d section of chapter 82, R. S. 1874, p. 671; but that is a literal copy of the second section of the act of 1872; and the eighth section of that act is tran-

scribed in the Revised Statutes of 1874, as section 58 of that chapter.

It is supposed that the 39th section of chapter 114, R. S. 1874, p. 805, controls this case, but we fail to see that it has any bearing on it. By its terms it applies to cases where railroad corporations had attempted to organize under former general laws, and the organization was, for any reason, defective, and should organize under that law, it provides that the new organization should be liable for the debts of the old company. It does not apply to cases of this character, either in terms or in spirit. Hence it in nowise applies to the case at bar.

But it is said, that where two railroad companies consolidate and form a new company, it is, under the statute, liable for the debts of both companies out of which it is formed. Conceding the proposition to be true, and the Paris and Decatur Railway Company was liable to appellant, as he claims, he has an ample and complete remedy at law; and if so, no reason is perceived why a court of equity should or could assume jurisdiction to enforce a mere legal right. If it might be done in this case, it would be difficult to imagine any character of debt that could not be enforced by bill in equity.

The court below did right in sustaining the demurrer, and in dismissing the bill, and the decree must be affirmed.

*Decree affirmed.*